IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTY WEST and JASON WEST        :
:
:
v.                                 :        Civil No. CCB-06-0400
:
CRACKER BARREL OLD                 :
COUNTRY STORE, et al.              :

### MEMORANDUM

Now pending before the court is plaintiffs Christy and Jason West's motion to remand. The issues have been fully briefed and no hearing is necessary. Local Rule 105.6. For the reasons that follow, the plaintiffs' motion will be denied.

### BACKGROUND

The Wests, both Maryland residents, claim that on or about January 22, 2005, Christy West was walking in the parking lot of defendant Cracker Barrel Old Country Store's ("Cracker Barrel") restaurant in Bel Air, Maryland. The Wests further allege that Christy slipped and fell on a patch of uncleared ice, suffering multiple injuries. Consequently, on January 13, 2006, the Wests filed suit in the Circuit Court of Maryland for Cecil County against Cracker Barrel, claiming negligence and loss of consortium. Cracker Barrel filed a notice of removal with this court on February 16, 2006, which was followed by this motion to remand on March 2, 2006. Cracker Barrel asserts that jurisdiction is proper under 28 U.S.C. § 1332, as plaintiffs are both residents of Maryland, and it is a citizen of Tennessee. The Wests argue that Cracker Barrel's "place of operations" is in Maryland, and thus there is no diversity among the parties.

1

## ANALYSIS

Title 28 U.S.C. § 1332 provides, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Fourth Circuit has recognized two tests to determine where a corporation has its principal place of business, the "nerve center test" and the "place of operations test." *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). When a corporation engages primarily in the ownership and management of geographically diverse investment assets, the "nerve center test" is more appropriate. Under the "nerve center test," the corporation's principal place of business is where the "home office" is located or where "the corporation's officers direct, control, and coordinate its activities." *Peterson v. Cooley*, 142 F.3d 181, 184 (4th Cir.1998)(citing *Mullins v. Beatrice Pocahontas Co.*, 489 F.2d 260, 262 (4th Cir.1974)). The "place of operations test," however, is more appropriate when the corporation has "multiple centers of manufacturing, purchasing, or sales." *Id*. Under this test, the court is to focus on "the place where the bulk of corporate activity takes place." *Id*. As Cracker Barrel is not akin to a holding company or other passive investment vehicle, *see Peterson*, 142 F.3d at 184; *Maggio-Onorato & Assoc. v. Aegon N.V.*, 104 F.Supp. 2d 518, 520 (D.Md. 2000); its corporate citizenship is more appropriately determined under the "place of operations test." The result, however, would be the same under either test, *see, e.g., Long v. Silver*, 248 F.3d 309, 315 (4th Cir. 2001)(corporate citizenship was clear regardless of which test was applied), and the court will consider factors relevant to both.

Determinations of a corporation's principal place of business must be made on a case by case basis and should be "consonant with corporate reality." *See Maggio-Onorato*, 104 F.Supp.

2d at 520 (citing *Ellis v. Provident Life & Accident Ins. Co.*, 929 F.Supp. 751, 754 (S.D.N.Y.1996)). Under the "place of operations test," the relevant factors are, *inter alia*, the location of the corporation's tangible assets, the locus of the day-to-day business operations, and the location of offices or personnel. *See Peterson*, 142 F.3d at 184-85. Other factors courts may consider include the location where business is carried out, where bank accounts are held, where taxes are paid and returns are filed, where administrative, accounting, and corporate records are kept, where meetings are held, and where the corporation would consider its home. *See Columbia Gas Transmission Corp. v. Burdette Realty Improvement, Inc.*, 102 F.Supp.2d 673, 677 (S.D.W.Va. 2000); *Grimm v. Plasma Processing Corp.*, 888 F.Supp. 56, 58 (S.D.W.Va. 1995). Under the "nerve center" test, the location of the executive headquarters, and "where the activities of the corporation are controlled and directed," are key inquiries. *See Peterson*, 142 F.3d at 185.

  Here, Cracker Barrel is registered as a Tennessee corporation, with its executive offices in Lebanon, Tennessee. (*See* Def's Mot. in Opp'n, Attachment 1, Ursula Holmes Aff.) All corporate activities of Cracker Barrel are controlled and directed from, and all corporate records are maintained in, Lebanon, Tennessee. (*Id.*) Cracker Barrel and its affiliates operate approximately 535 stores in 41 states. (*Id.*) Only four of those stores are in Maryland. (*Id.*) The employees of the various stores across the 41 states are, of course, residents of those respective states. (*Id.*) The stores, however, report to the Lebanon, Tennessee office for operations, policy, equipment, and inventory, and Maryland employees are paid through the Tennessee payroll. (*Id.*) Finally, while Cracker Barrel has assets in Maryland – e.g., the stores which it operates – the administration of, and records for, those assets are in Lebanon, Tennessee. (*Id.*)

That a corporation has facilities, or authority to do business, in a particular state does not establish that it is a citizen of that state.  *See Peterson*, 142 F.3d at 185; *Long*, 248 F.3d at 315. Accordingly, that Cracker Barrel maintains a few of its stores in Maryland is not dispositive. Moreover, this is not a case where, the location of executive offices notwithstanding, other factors clearly militate toward finding corporate citizenship in a particular alternative state.  *Cf. Columbia Gas*, 102 F.Supp.2d at 677-80 (finding defendant a citizen of West Virginia despite its executive offices being located in Virginia, where almost all of the corporation's staff were in West Virginia, corporation continued to refer to West Virginia as its primary center of operations, and a large percentage of its revenues and assets remained in West Virginia).  For purposes of citizenship under 28 U.S.C. § 1332, therefore, Cracker Barrel's principal place of business is in Tennessee.

When federal jurisdiction is challenged, the removing party bears the burden of showing that jurisdiction is proper, and § 1332 is to be strictly construed, all doubts being resolved against federal jurisdiction.  *See Columbia Gas*, 102 F.Supp.2d at 675. Cracker Barrel has met this standard.  Removal was proper.  Based on the foregoing, the motion to remand will be denied.

A separate order follows.

May 15, 2006                                                          /s/
Date                                                                        Catherine C. Blake

United States District Judge